Commonwealth ex rel. Lewis, Appellant, *v.* Keenan.

Argued April 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*H. Blumenfield,* with him *Albert Martin,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for appellee.

Opinion by Woodside, J., June 15, 1961:

This is an appeal from the refusal of the Court of Common Pleas of Allegheny County to grant a writ of habeas corpus to a prisoner, who had been sentenced to a term of 5 to 10 years on a charge of violating the Drug Act of July 11, 1917, P.L. 758, as amended.

The prisoner was sentenced on May 2, 1956, under §12 of the above act which, as amended by the Act of June 19, 1953, P.L. 290, provided for a penalty in the following language:[1] ". . . upon conviction thereof, shall be sentenced as follows: for a first offense, to pay a fine not exceeding two thousand dollars ($2000) and to undergo imprisonment of not less than two (2) years and not exceeding five (5) years; for a second offense . . . to pay a fine not exceeding five thousand dollars ($5000) and to undergo imprisonment of not less than five (5) and not exceeding ten (10) years, . . ."

On September 5, 1956, approximately four months after he was sentenced, the prisoner filed his petition for a writ of habeas corpus, contending he should not have been sentenced as a second offender. The legality of the sentence is properly raised by a writ of habeas corpus. *Commonwealth ex rel. Dermendzin v. Myers,* 397 Pa. 607, 609, 156 A. 2d 804 (1959). The petitioner was brought into court on September 19, 1956, and the case then marked "Hearing continued until further order of court." The record does not show the reason for the continuance, but we are advised that an appeal had been taken in a similar case, and the court was awaiting the disposition of that appeal. However, the appeal in that case was subsequently withdrawn, and nothing further happened in the case now before us until another petition for a writ of habeas corpus rais-

---

[1] This section has since been twice amended. (See 35 P.S. §865)

ing the same question was filed to a new number on July 25, 1960. On November 3, 1960, the court refused to grant the writ, and this appeal followed.

There is no record of the hearing before the court at the time of sentence. The court stenographer who took the notes of testimony and the assistant district attorney who prosecuted the case at the time of the sentence are both dead. The petitioner charges that he was not given an opportunity to deny that he was a second offender. The judge who sentenced the prisoner wrote the opinion for the court below in the habeas corpus case. He said that the court record showed that the defendant had a prior relevant conviction, and suggested that the court had the right to take judicial notice of its own record and did so. He further stated that the petitioner was advised before sentence that the Act of 1953 made it mandatory upon the court to sentence him as a second offender. (See *Commonwealth v. Glover*, 397 Pa. 543, 156 A. 2d 114 (1959), which holds that the sentence for a second offender need not be for a minimum of 5 years, but that the *maximum* may not be less than 5 years nor more than 10 years.)

We need not decide whether under the statute as it existed at that time, it was necessary to indict the petitioner as a second offender. See *Commonwealth ex rel. Dermendzin v. Myers*, supra, 397 Pa. 607, 610, 156 A. 2d 804 (1959); the Act of July 19, 1957, P.L. 1013, amending §12 of the Drug Act, supra, and adding (d) thereto, 35 P.S. §865; *Commonwealth v. Payne*, 242 Pa. 394, 89 A. 559 (1913); *Commonwealth ex rel. Blattenberger v. Ashe*, 133 Pa. Superior Ct. 509, 3 A. 2d 287 (1938).

Whether or not the convict is a recidivist subject to an increased statutory penalty is a question of fact upon which the convict has the right to demand a hearing and to demand reasonable time to prepare for such a hearing. *Commonwealth ex rel. Dermendzin v.*

*Myers,* supra, p. 611. The convict can waive the hearing, but he must know of the right to a hearing before he can be considered to have waived it. *Commonwealth ex rel. Dermendzin v. Myers,* supra, pp. 614, 615.

Whether or not the petitioner committed offenses which would have permitted the court to sentence him as a second offender is not the issue before us. The question is whether the petitioner knew prior to sentence that he was to be sentenced as a recidivist and whether he either admitted the prior offenses or knew that he had a right to a hearing to determine whether he had committed them.

The trial court may not rely upon its own record to come to its own conclusion on the fact of recidivism without the convict's knowledge of what is taking place. *Rauch v. Commonwealth,* 78 Pa. 490, 494, 495 (1875). (The convict may not be the *same* "John Smith" which the court records show committed a prior offense, and the "John Smith" appearing for sentence has a right to be heard on that issue.)

When a convict is to be sentenced as a recidivist under a statute providing for an increased penalty for such person, and the statute does not provide for a different procedure, the court should hereafter take stenographic notes of the sentencing procedure which should show that the convict was advised that he was to be sentenced under the statute as a recidivist, that the record before the court (which the convict should see or have read to him) shows that he was convicted of relevant prior offenses, and, if he does not admit to the prior convictions, that he is entitled to a hearing on the issue and a reasonable time to prepare for such hearing.

Assuming that an indictment as a second offender was not necessary, we would ordinarily remand this case to the sentencing court with direction to bring

the prisoner before it for resentencing in accordance with law. *Commonwealth ex rel. Dermcndzin v. Myers,* supra. However, under the circumstances of this case, we think that the writ should be granted, and the prisoner discharged.

An effort was made by the prisoner to raise the question of the illegality of his sentence nearly five years ago. He has now served an imprisonment of over five years—in excess of the minimum sentence imposed, and in excess of the maximum which could have been imposed upon him as a first offender. It was not a delay by the prisoner in bringing the action which caused the court record to be missing. The prisoner was entitled to a speedier disposition of the serious question his petition raised. Under the circumstances, we think it would be unjust to remand the case.

Order reversed, with direction to the court below to grant the writ discharging the prisoner forthwith.

WRIGHT, J., concurs in the result.

MONTGOMERY, J., would remand for resentencing.