Commonwealth *v.* Williams, Appellant.

Submitted June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Albert Williams,* appellant, in propria persona.

*Alan J. Davis,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1967:

This is an appeal from the dismissal, without hearing, of a petition for post-conviction relief.

In 1966, petitioner was charged with the unlawful use, possession and sale of narcotic drugs. Included in the indictment was an averment of petitioner's prior narcotics conviction. At trial, petitioner entered a plea of guilty, and was sentenced, as a second offender, to a term of not less than three nor more than ten years imprisonment.[1] On appeal petitioner contests the legality of that sentence.

---

[1] See The Drug Device and Cosmetic Act, Act of September 26, 1961, P. L. 1664, §20(c), 35 P.S. §780-20.

"Whether or not the convict is a recidivist subject to an increased statutory penalty is a question of fact upon which the convict has the right to demand a hearing and to demand reasonable time to prepare for such a hearing. . . . The convict can waive the hearing, but he must know of the right to a hearing before he can be considered to have waived it." *Commonwealth ex rel. Lewis v. Keenan,* 195 Pa. Superior Ct. 188, 191-92, 171 A. 2d 895, 896 (1961); accord, *Commonwealth ex rel. Dermendzin v. Myers,* 397 Pa. 607, 156 A. 2d 804 (1959). Failure to meet these requirements constitutes a denial of due process. Id. at 613; cf. *Oyler v. Boles,* 368 U.S. 448, 451 (1962).

In the instant case, a careful scrutiny of the record discloses that petitioner was not informed of his right to a hearing on the issue of recidivism; nor, in fact, was he ever advised that he was being sentenced as a recidivist. The court did hear testimony of the arresting officer regarding petitioner's prior conviction, and gave petitioner some opportunity to speak in his own behalf. But, even if this procedure were deemed to be a "hearing" on the issue of recidivism, petitioner, quite obviously, was unaware of that fact. Had he been properly advised, he could have explained to the sentencing court the facts and circumstances attending his prior indictment and conviction, as well as any attendant extenuating circumstances. See, *Commonwealth ex rel. Dermendzin v. Myers,* supra at 613. In any event, the court's failure to properly advise him denied petitioner due process, and requires that his conviction be reversed.

The sentence of the lower court is vacated and the case is remanded for resentencing with instructions that petitioner be fully advised of his rights, and be given a hearing on the issue of recidivism.