334 A.2d 248
COMMONWEALTH of Pennsylvania
v.
William Charles MUSCHECK, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 16, 1973.

Decided March 18, 1975.

Vincent J. Ziccardi, Defender, Jonathan Miller, Chief, Appeals Div., Defender Assn. of Philadelphia, John W. Packel, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-
ERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

MANDERINO, Justice.

Appellant, William Muscheck, was convicted of illegal-
ly possessing narcotic drugs (marijuana) and was sen-
tenced to a term of three to twenty-three months impris-
onment to be served on weekends. Prior to trial, the ap-
pellant made a timely application to suppress evidence
seized during a search of his apartment. Relief was de-
nied, and the evidence seized formed the basis for appel-
lant's conviction. Post-verdict motions were denied. On
appeal, the Superior Court affirmed the conviction.
*Commonwealth v. Muscheck,* 222 Pa.Super. 348, 294 A.2d
809 (1972). Judge Hoffman filed a dissenting opinion
in which Judge Spaulding joined. 222 Pa.Super. at 350,
294 A.2d at 810. We granted appellant's petition for al-
lowance of appeal.

Appellant contends that this evidence, a quantity of
marijuana, was the fruit of an illegal search and should
have been suppressed. He argues that the search war-
rant did not authorize the search of his apartment, but
rather "authorized the search of another apartment en-
tirely different from the one alleged in the application
for said warrant to contain contraband."

The application for the search warrant requested ap-
proval to search premises located at "1633 Locust Street,
2nd. fl. front." In support of the application, the affida-
vit of the police officer alleged certain underlying cir-
cumstances concerning (1) the reliability of the inform-
ant and (2) the reliability of the manner by which the
informant obtained his information. *See Spinelli v.
United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637
(1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12
L.Ed.2d 723 (1964). This affidavit was the sole basis

upon which the authorization to search was granted. The relevant portions of the application read as follows:

"NAME OF OWNER, OCCUPANT OF PREMISES AND/OR PERSON TO BE SEARCHED:

William Barton, residence 1008 S. 49th Street and others on premises.

ADDRESS (STREET AND NO.) AND DESCRIPTION OF PREMISES AND/OR PERSONS TO BE SEARCHED:

1633 Locust Street, 2nd fl. front.

PROBABLE CAUSE AND/OR REASONABLE GROUNDS:

On 12/13/70 at approx. 2:10 A.M. affiant received information that the above named defendant did have in his apartment approximately thirty pounds of marijuana. The said informant stated that on 12/13/70 at approximately 11:59 p. m. he had an occasion to be inside the above location and did observe numerous persons entering the above location and hand to the above $200 in U.S. currency at which time the subject would go into his bedroom and upon returning hand to the persons a brick of ground green weed weighing approximately one pound. As a result of this information I set up on 12/14/70 between 2:00 A.M. and 4:00 A.M. a surveillance at which time I observed approx. (5) FIVE persons enter the location and after staying a short period of time, leave carrying a brown bag. Approx. TWO (2) of these persons were known to me as drug users. Therefore, I do believe and have probable cause to believe that narcotics are being stored, dispensed, and used at the above location and that a search of the premises is warranted at this time. Informant has been responsible for six arrests resulting in four convictions with two persons awaiting court action."

On the basis of the above recitation, a search warrant was issued, and a search of the premises located at "1633 Locust Street, 2nd fl. front" yielded the evidence which the appellant seeks to suppress.

■ The premises actually searched by the police were the same premises listed in the warrant application as the "PREMISES . . . TO BE SEARCHED: 1633 Locust Street, 2nd fl. front." This fact, however, does not control the issue raised. The listing of the address in the affidavit informs the neutral judicial officer of the premises which the police want to search, but the mere request to search a particular premises, in and of itself, does not justify the issuance of a search warrant. *Aguilar, supra,* and *Spinelli, supra,* require the affiant to aver underlying facts and circumstances sufficient to establish probable cause and thus justify the issuance of the warrant. If the affidavit does not provide such facts and circumstances, or if it later develops that the underlying circumstances are not accurate, the search pursuant to the issued warrant cannot be approved. *Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973).

■ An affidavit upon which a search warrant is sought must be read with common sense. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). A reading of the affidavit here reveals that the police informant said that "the *above named defendant* [William Barton] did have *in his apartment* approximately thirty pounds of marijuana." This informant also said that "he had occasion to be inside the above location and did observe numerous persons entering the above location and hand to the above [William Barton] $200 in U.S. currency at which time the subject [William Barton] would *go into his bedroom and upon returning* hand to the persons a brick of ground green weed weighing approximately one pound." (Emphasis added.) We have inserted the name of William Barton in brackets

where there is reference to an individual because such references could not apply to any other person; William Barton was the only person mentioned in the affidavit.

There is no reference in the application to the appellant, William Muscheck. Thus, the references in the affidavit to "his apartment," and to "his bedroom" appear to be references to William Barton's apartment and bedroom. Since the affidavit says that William Barton's residence is "1008 S. 49th Street," the common sense conclusion would be that "his apartment" and "his bedroom" would be located at 1008 S. 49th Street. There are no factual averments in the affidavit indicating what connection, if any, the informant had, with the premises to be searched located at 1633 Locust Street. The prosecution argues that William Barton is averred to be the "owner, occupant of the premises" located at 1633 Locust even though he resided at 1008 S. 49th Street. According to the prosecution, the informant could have been speaking of the premises at 1633 Locust Street when the informant spoke of being in Barton's apartment and seeing Barton go into his bedroom. No doubt the underlying circumstances provided by the informant *could* have meant that he had visited the premises located at 1633 Locust Street on numerous occasions, but from the factual averments in the affidavit, the informant *could* also have meant that on numerous occasions he had visited the premises located at 1008 S. 49th. It is certainly not clear from the affidavit that the informant was referring to 1633 Locust Street. When one speaks of a person's apartment or bedroom, one is normally speaking of a person's residence, unless additional information is provided indicating that a place other than the person's residence is being referred to. The uncontradicted record here, however, shows that appellant was the lessee of the apartment searched, and that nothing was found during the search which in any way connected William Barton with that apartment. The affidavit before us is at

best ambiguous, and such ambiguity prevents the warrant from meeting the *Aguilar-Spinelli* test.

 Even, however, if we were to consider the underlying facts and circumstances alleged in the affidavit as adequate to establish that the informant was present and witnessed sales at 1633 Locust Street, the search cannot be upheld. The facts and circumstances recited in the affidavit describing the apartment to be searched do not fit the actual physical layout of the apartment searched. The informant told the police that he saw Barton "go into his bedroom and upon returning" hand over a brick of ground green weed. A common sense reading of that description of the apartment where the informant witnessed the sales indicates that it had a separate bedroom. The uncontradicted testimony at the suppression hearing, including the testimony of the two police officers who conducted the search, indicates that the apartment searched does not have a separate bedroom. One officer said, "it's almost all one big room, just has certain portions of it cut down for various areas." He further described it during cross-examination:

"[Defense Counsel]: Well, will you describe the apartment for us, please?

[Officer]: *The apartment is like one big room*, as I said, and its a combination bedroom-living room area. It also has a fireplace in it. As you go to your left after you enter you make another left, you'll go into a small little area that contains like an icebox and a stove. And right beyond that there's a very small room that's used for a bath.

[Defense Counsel]: For a bath. So this is what you would call a studio apartment; is that correct?

[Officer]: Yeah, I guess you could use it as a studio.

[Defense Counsel]: *There's no particular area set aside for a bedroom.*

[Officer]: *Not that I could see, no. It's a combination of everything."*

[Emphasis added.]

The second officer's testimony was in agreement. Under these circumstances, the informant's unequivocal description of an apartment with a separate bedroom could not have been referring to the apartment which was searched. Since the factual averments of the application for a warrant did not refer to appellant's apartment, the search of that apartment was illegal. *See Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973).

Judgment of sentence reversed and a new trial granted.

JONES, C. J., and POMEROY, J., dissent.

NIX, J., concurs in the result.