Commonwealth *v.* Harper, Appellant.

Submitted November 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Vincent C. Murovich, Jr.,* and *Murovich, Reale & Fossee,* for appellant.

*Robert L. Campbell* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 31, 1975:

This is an appeal from the judgment of sentence imposed by the court below. The appellant, Bradley Harper, was convicted in a non-jury trial of possession of dangerous drugs. The evidence presented at both the suppression hearing and trial establishes that on April 5, 1972, Officer William Burfield of the Pittsburgh Police Force, applied for, and executed on the same date, a search warrant for the premises of an apartment leased to one Candice Fagan. When the police knocked the appellant came to the door and partially unlocked it—the door still being secured by a chain lock. After the police announced their identity and purpose, the appellant attempted to slam the door shut whereupon the police forced it open. Upon entering the apartment Officer Bur-

field observed the appellant run to a window and throw a package out the window onto the roof of an adjoining building. Appellant then removed a revolver from his belt, placed it on the windowsill, and surrendered to the police. Officer Burfield having seen the discarded package land on the roof, reached through the apartment window and retrieved it. Laboratory analysis revealed the package to contain a needle and syringe along with a quantity of the drug Diamphetamine.

On appeal, appellant argues, inter alia, that the lower court erred in denying his motion to suppress. In support of this argument appellant first asserts that the affidavit to the search warrant did not contain sufficient probable cause to justify issuance of the warrant. The crux of appellant's argument is that the affidavit did not set forth sufficient underlying circumstances from which the issuing authority could conclude that the contraband would be in the apartment on April 5, 1972, when the warrant was issued. This contention lacks merit, however, because the informant, whose reliability is not at issue, advised the affiant that on April 3 and 4 of 1972, he was in the apartment when a quantity of drugs were displayed and offered for sale. In view of this short time span, the issuing authority properly concluded that there was present probable cause to believe that the contraband would be in the apartment on April 5, 1972. Cf. *Commonwealth v. Simmons*, 450 Pa. 624 (1973) ; *Commonwealth v. Bove*, 221 Pa. Superior Ct. 345 (1972). See also Annot., 100 A.L.R. 2d 525.

Appellant next contends that the package was unconstitutionally seized from the roof of the adjoining building because the search warrant only extended to the immediate apartment. We conclude, however, that the contraband was properly seized pursuant to the plain view doctrine. In *Harris v. United States*, 390 U.S. 234, 236, 88 S. Ct. 992, 993, 19 L. Ed. 2d 1067, 1069 (1968), the Supreme Court of the United States stated: "It has

long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (Citations omitted.) In the instant case, the police were legally in the apartment pursuant to a valid search warrant, and since they observed the appellant throw the package out the window and also saw it land in the gutter on the roof of the adjoining building, the seizure of the package was constitutional under the plain view doctrine. See *Commonwealth v. Clelland,* 227 Pa. Superior Ct. 384 (1974). Appellant argues that the plain view doctrine is inapplicable because the police did not search the entire roof and, therefore, did not eliminate the possibility that the retrieved package was not the same one the appellant discarded. Officer Burfield testified, however, that he not only observed the appellant throw the package onto the roof, but he also saw where the package landed on the roof. In fact, Officer Burfield testified that he retrieved the package by simply reaching through the window onto the adjoining roof.[1] Under these circumstances, we hold that the essential link between the appellant and the discarded package was clearly established.

Appellant next maintains that the Commonwealth did not meet its burden of proof at the suppression hearing. In this connection appellant contends that the Commonwealth failed to establish, at the suppression hearing, that the seized package contained an illegal substance.[2] At the suppression hearing, however, the only issue before the court was whether the evidence had been seized in violation of the appellant's constitutional rights. *Commonwealth v. DeWitt,* 226 Pa. Superior Ct. 372 (1973). Therefore, the Commonwealth's burden at that

---

1. The roof of the adjoining building was approximately two feet from the apartment window.

2. It was at trial that the Commonwealth established that the seized package contained, among other things, a quantity of the drug Diamphetamine.

stage in the proceedings was simply to establish that the evidence in question was not seized in violation of the appellant's constitutional rights. We agree with the court below that the Commonwealth met this burden.

Appellant's final contention is that he was deprived of his constitutional right to effective assistance of counsel.[3] In support of this contention appellant argues that he only conferred with his court-appointed attorney for five or ten minutes prior to trial and, therefore, was not afforded sufficient time to prepare his defense.

It is well settled that "mere shortness of time spent in conference with a client does not per se establish ineffective assistance of counsel." *Commonwealth v. Owens*, 454 Pa. 268, 271 (1973) ; *Commonwealth v. Hill*, 450 Pa. 477 (1973) ; *Commonwealth v. Woody*, 440 Pa. 569 (1970). Ineffective assistance of counsel can only be found when: " 'The defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.' We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604 (1967).

The length of time counsel devotes to discussion of the case with his client is not necessarily related to the ex-

---

3. Following his conviction appellant retained private counsel to pursue this appeal. In light of the fact that this question of ineffective counsel was raised in the court below and, we have available an adequate record upon which we can base a decision, we may properly consider the question on this direct appeal. See *Commonwealth v. Harrison*, 228 Pa. Superior Ct. 42 (1974); also see *Commonwealth v. Learn*, 233 Pa. Superior Ct. 288, 335 A. 2d 417 (1975).

300

tent of counsel's trial preparation. *Commonwealth v. Owens, supra.*

Appellant also asserts that he received ineffective assistance because counsel failed to investigate possible witnesses, namely, the other occupants of the apartment who were present when the search was executed. The record, however, is devoid of any indication that the testimony of the other occupants would have been beneficial to the defense. Without some positive indication or demonstration that their testimony would be helpful to the defense, we cannot equate the failure to call the other occupants as witnesses with a conclusion of ineffective assistance of counsel. See *Commonwealth ex rel. Washington v. Maroney,* supra.

Accordingly, the judgment of sentence is affirmed.