Commonwealth *v.* Hagen et al., Appellants.

Submitted November 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert M. Rosenblum* and *Alan Schnoll*, for appellants.

*W. Thomas Malcolm*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 22, 1976:

Appellants were convicted on April 17, 1974, of violation of The Controlled Substance, Drug, Device and Cosmetic Act[1] following a jury trial held before Judge HANDLER. Appellant Hagen was sentenced to pay a $500.00 fine and to a term of six to twelve months imprisonment; appellant Basile to pay a $300.00 fine and to a term of four and one-half to six months imprisonment.

---

1. Act of April 14, 1972, P.L. 233, No. 64, 35 P.S. §§780-101 *et seq.* (Supp. 1975-76).

Prior to trial appellants made timely application to suppress evidence seized during a March 4, 1973 search of their apartment, Apartment No. 35, Regency House Apartments, Indiana Borough, which was denied. Post-trial motions were filed and denied and the instant appeal followed sentencing. Appellants' sole contention here is that their motion to suppress should have been granted below. We agree that the evidence seized in the March 4, 1973 search should have been suppressed and we therefore reverse.

Appellants claim that the search warrant involved here was issued without probable cause and was improperly executed.[2] The warrant named "William D. Hagen and Karen M. Basile (William D. Hagen Known as 'Doug')" as the name of owner, occupant of premises and/or person to be searched and "Apt. No. 32 Regency House and rooms therein, in two story Brick, apartment complex in Indiana Borough, Pa." as the premises to be searched. The affidavit of probable cause read as follows:

"On Jan. 12, 1973 Sgt. Peter Buchan PSP received information from Sgt. Robert Brown of the Pittsburgh Penna. State Police Dept. to the effect that there is a large dealer in narcotics that goes by the name of 'Doug' presently living at the Regency House Apartments in Indiana, Pa. On Jan. 16, 1973 Sgt. Peter Buchan received information from a confidential informant that he believes to be true and correct to the effect that there is a large dealer in

---

2. Appellants contend that the warrant was issued without probable cause, urging that: It failed to describe the place to be searched with particularity; that the information on which it was based was "stale"; that the affidavit does not set forth a basis for a conclusion that the informant was reliable or credible; and that the underlying factual circumstances of the informer's information were not sufficiently set forth. They also claim that in execution of the warrant the police failed to identify their purpose before forcibly entering in a situation without exigent circumstances.

narcotics by the name of 'Doug' living in an apartment at the Regency House Apartments in Indiana, Pa. and that the informant has observed the smoking of marihuana and marihuana in one (1) lb. bricks and also observed one (1) lb. brick of marihuana being sold at this apartment, on dates prior to the information being received.

"On Feb. 8, 1973 Tpr. Gary L. Thistlethwaite, P.S.P. met with the confidential informant who took Tpr. Thistlethwaite to Indiana, Pa., and pointed out apartment #82 of the Regency House apartment as the apartment from which the information given to Sgt. Pete Buchan on date of Jan. 16, 1973 by this same confidential informant had come from and also where the suspect 'Doug' was living at the time these observations were made.

"The confidential informant was not sure on Feb. 8, 1973 as to whether the suspect 'Doug' had moved from this apartment as of this date, but that Doug was to receive a large shipment of Marihuana in the form of one (1) lb. bricks and other drugs in the very near future and that when 'Doug' did receive this shipment the confidential informant would be aware that the marihuana had been delivered to 'Doug' and would give this information to Sgt. Pete Buchan, Penna. State Police.

"On date of 9 Feb. 1973 Cpl. Ray Antram, Penna. State Police ran a check on apartment #82 of the Regency House Apartments and learned that prior to Jan. 31, 1973 a William G. Hagen and Karen M. Basile lived in Apt. #82, Regency House, Indiana, Pa., as of Jan. 31, 1973 and moved from Apt. #82 and into Apt. #32 Regency House, Indiana, Pa., where they are residing to the present date.

"On date of March 3, 1973 Sgt. Pete Buchan, Penna. State Police received information from this dame [sic] confidential informant that furnished the previous information that the shipment of drugs and

marihuana mentioned on Feb. 8, 1973 had arrived at the apartment occupied by 'Doug' at the Regency Apartments, Indiana, Pa. and that the one (1) lb. bricks of marihuana were stored in a suitcase in the bedroom occupied by Doug."

We agree with appellants' contention that the affidavit failed to provide a basis on which the issuer could conclude that the informant involved in this case was reliable or credible.

When a law enforcement officer applies for a search warrant he makes an affidavit before an issuing authority. "When the information in support of the issuance of the warrant has been received in substantial part from an informer, the issuing authority must be able to determine from the contents of this affidavit that the officer ... has 'some reasonable basis for concluding that the source of the "tip" was reliable.' Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964), Commonwealth v. Milliken, 450 Pa. 310, 300 A.2d 78 (1973) ...." *Commonwealth v. Barrett,* 233 Pa. Superior Ct. 523, 526, 335 A.2d 476, 478 (1975). In other words, there must be some underlying circumstances set forth to support the claim that the informant was "credible" or "reliable." *Commonwealth v. Devine,* 233 Pa. Superior Ct. 99, 334 A.2d 725 (1975); *Commonwealth v. Conner,* 452 Pa. 333, 305 A.2d 341 (1973). A bare statement that the affiant believed the informant to be truthful is not enough. *Commonwealth v. Devine,* supra; *see Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973). The written affidavit must establish the credibility of the informant's personal knowledge or the reliability and trustworthiness of the informant himself, or the test of *Aguilar-Spinelli* is not met and no probable cause is shown. *Commonwealth v. Bedford and Hughes,* 451 Pa. 325, 304 A.2d 453 (1973).

The instant affidavit does not meet the above standards. It contains a bare allegation that an officer believed that the information received from the infor-

mant was true and correct, but no indication of why he felt the informant was credible or reliable. The only underlying circumstance set forth in the affidavit which tends to support the informant's credibility is the fact that both Sgt. Brown and the informant agreed that "Doug" was a large dealer in narcotics. Although this fact may have corroborated the informant's information that "Doug" was a dealer, it in no way corroborated the informant's information that narcotics were present in apartments No. 32 or No. 35. The mere fact that an informant has supplied one piece of information which may be corroborated does not automatically establish reliability or credibility. There was no indication of the informant's past reliability, *Commonwealth v. Soychak*, 221 Pa. Superior Ct. 458, 289 A.2d 119 (1972), no corroboration of the fact that a shipment had come in, *see Commonwealth v. Ambers*, 225 Pa. Superior Ct. 381, 310 A.2d 347 (1973). Moreover, although the informant was said to have observed the presence of marijuana in apartment No. 32, there is no indication that he made a similar personal observation of the shipment alleged to have come in at apartment No. 32. *See Commonwealth v. Muscheck*, 460 Pa. 590, 334 A.2d 248 (1975).

The informant's information that marijuana was at apartment No. 32 is therefore not based on an averment of his personal observation and a basis for belief of this information or for his personal credibility or reliability is absent. The warrant was therefore issued without probable cause.

We also agree that the information set forth as a basis for probable cause was "stale." Our decisional law has long adhered to the principle that probable cause for issuance of a search warrant must be established at the time that the warrant is issued, *Commonwealth v. Conner*, supra; *Commonwealth v. Simmons*, 450 Pa. 624, 301 A.2d 819 (1973), and that such decision must be based on facts which are closely related in time to the date of the warrant, *Commonwealth v. Suppa*, 223 Pa.

Superior Ct. 513, 302 A.2d 357 (1973). Evidence of criminal activity at some prior time will not support a finding of probable cause on the date that the warrant issues unless it is also shown that criminal activity continued up to or about that time. *Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973); *Commonwealth v. Simmons*, supra; *Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971); *Commonwealth v. Novack*, 233 Pa. Superior Ct. 236, 335 A.2d 773 (1975).

The affidavit questioned here presents evidence of criminal activity at some date *prior to* January 16, 1973, consisting of the personal observation by an informant of illegal activity which took place at apartment No. 82, Regency House Apartments. Although facts are averred tending to show that appellants thereafter moved to apartment No. 32, there is no corroborated indication that they engaged in criminal activity at apartment No. 32. No facts are averred which tend to show that apartment No. 32 was placed under observation; no personal observation is averred which would tend to indicate that the contraband was known to have been moved; no additional indication of ongoing or continuing criminal activity is averred. The averment of March 3, 1973, that the shipment of drugs had arrived, is not substantiated by underlying facts supporting the informant's conclusion. The affidavit does not indicate that the affiant or the informant had any personal knowledge of that fact, nor does it identify the basis upon which it was decided that this was a fact. Even if it were assumed, *arguendo*, that the informant's credibility and reliability were of impeccable character, no timely underlying circumstances are shown, on March 3, 1973, for the informant's conclusions. As noted above, no personal observation of any kind, by the affiant *or* the informant, of *any* activity of criminal nature, is averred as of March 3, 1973 or any other date after January 16, 1973.

The lower court concluded that the information was

not "stale" because an *investigation* continued from January 16th to March 3rd. That is not the basis upon which evidence of prior criminal activity will support probable cause, however. It is the *criminal activity* which must continue up to or about the time of the warrant, not the investigation. *See, e.g., Commonwealth v. Shaw,* supra. The information upon which probable cause was here based having been, at best, more than a month old, it was "stale" and provided no basis for probable cause. *See Commonwealth v. Novack,* supra; *Commonwealth v. Suppa,* supra; *Commonwealth v. Bove,* 221 Pa. Superior Ct. 345, 293 A.2d 67 (1972). *See also, Commonwealth v. Harper,* 233 Pa. Superior Ct. 294, 334 A.2d 761 (1975).

Judgments of sentence are reversed and the case is remanded for a new trial consistent with this opinion.

DISSENTING OPINION BY PRICE, J.:

I dissent. The information supplied to the magistrate was more than adequate to satisfy the requirements of *Aguilar v. Texas,* 378 U.S. 108 (1964). *Aguilar* mandates that the magistrate must be informed of (1) some of the underlying circumstances from which the informant concluded that criminal activity was taking place, and (2) the basis for the affiant's conclusion that the informant is reliable.

The first requirement may be met where the affidavit either sets forth the manner in which the informant obtained his information or describes the criminal activity in detail. *Commonwealth v. Samuels,* 235 Pa. Superior Ct. 192, 340 A.2d 880 (1975). Where the informant states, as he does here, that he personally observed the criminal activity, the requirement is met.

The second requirement is met where (1) it is shown that past information given resulted in convictions; (2) the informant's story is corroborated by some other source; (3) the informant's statements were a declaration against interest; or (4) the defendant's reputation supports the informant's tip. *Commonwealth v. Ambers,*

225 Pa. Superior Ct. 381, 310 A.2d 347 (1973). In the instant case, the information given by Sergeant Brown to Sergeant Buchan on January 12, 1973, corroborated the information given by the confidential informant on January 16, 1973. This satisfies the second requirement.

I cannot agree that the warrant issued on the basis of stale information. Following the initial discovery of the drug transactions, there was a continuing investigation. The police determined that appellants had moved from one apartment to another in the same building complex, and were awaiting notice that the anticipated drug shipment had arrived. As soon as they received such notice, they obtained the warrant and conducted the search.

While it is true that a search warrant will not issue if the information supporting the warrant is stale, if it is demonstrated that criminal conduct has in fact continued, then the relevant information, in spite of its age, may not be deemed stale. *Commonwealth v. Eazer*, 455 Pa. 320, 312 A.2d 398 (1973). Here the police were informed that a new shipment of drugs would be arriving soon and were later notified that the shipment had been received. These facts distinguish this case from a situation where information is received and, after an extended wait fails to reveal any further criminal activity, a warrant is obtained on the first information. *See e.g., Commonwealth v. Shaw*, 444 Pa. 110, 281 A.2d 897 (1971).

Appellants also argue that the warrant was fatally defective because it failed to describe with particularity the place to be searched. Specifically, appellants contend that the search was invalid because the warrant lists the place to be searched as apartment number 32, when in fact apartment number 35 was searched.

There is no question that the apartment listed on the warrant was not the one searched. However, in light of our holdings in *Commonwealth v. Kaplan*, 234 Pa. Superior Ct. 102, 339 A.2d 86 (1975), and *Commonwealth*

*v. Fiorini*, 202 Pa. Superior Ct. 88, 195 A.2d 119 (1963), this alone will not invalidate the warrant. As our court in *Commonwealth v. Kaplan* stated:

> "In *Commonwealth v. Fiorini*, 202 Pa. Superior Ct. 88, 195 A.2d 119 (1963), we held that it is not necessary to a valid description of an apartment that its location within a particular building be given. To the contrary, a search warrant directing a search of an apartment house occupied by a number of different tenants, which states the name of the person occupying the apartment to be searched is valid." 234 Pa. Superior Ct. at 104, 339 A.2d at 87-88.

Here, the warrant clearly states the names of the persons occupying the apartment. These persons, appellants here, lived in apartment 35 which was the apartment searched. No reversible error was committed.

Appellants' final contention is that the police did not execute the warrant in a proper manner. Appellants argue that the officers failed to identify themselves before entering the apartment. There is absolutely no merit to this contention.

The officers, one of whom was in full uniform, knocked on the apartment door and announced their identity and purpose. Although they observed a figure at the apartment window, no one answered their knock. One of the policemen went to enlist the aid of the manager in gaining entrance to the apartment. After entering, they again announced their identity and purpose and read the warrant to appellants. There was a time span of approximately ten minutes between the first knock and the entry. The actions of the police were absolutely correct.

I would affirm the judgment of the lower court.