## Commonwealth v. Shibble

*Paul W. Johnson, District Attorney,* for Commonwealth.

*Sydney Paul,* for defendant.

McCRACKEN, *P.J.*, October 20, 1980—Detective Sergeant Charles Abraham of the New Castle Police Department obtained a search warrant to search premises owned, occupied or possessed by defendant and another and described as "Two story brown frame dwelling with apartment on second floor located at 229 Park Ave." On the line provided for the signature, address, badge number and district/unit of the affiant it was written "Sgt. Charles Abraham, Det. Sgt., N.C.P.D." In effecting this search warrant, the officers heard a noise in the attic over the second floor apartment and went to that area by way of a stairway leading from the kitchen and found defendant and several items listed on the warrant to be searched for and seized.

Sergeant Abraham seized other items from the second floor area and observed, but left behind, several other items which he suspected were also stolen. Upon his return to the station, he reviewed a report of another crime; noticed that defendant was listed as one of the suspects; called the victim of that crime and noticed that the victim's description

of the items stolen matched items which the sergeant had seen in the apartment. Thereafter, Sergeant Abraham secured a second search warrant for the same premises and seized additional items.

Defendant attacks the validity of the items seized from the area pursuant to the first search because such evidence was obtained from an area not authorized to be searched by the warrant. Secondly, defendant claims that the first search warrant was defective on its face in that neither the badge number nor the address of the affiant was contained thereon. Defendant attacks the validity of the second warrant because it was based upon the fruits of the first warrant.

With respect to the first issue raised by defendant, there are two possible assumptions which can be drawn about the attic: (1) It was part of the second floor apartment, or, (2) It was a completely separate "residence." If we assume that it is properly considered part of the second floor apartment, the search is proper. First, it is irrelevant if the warrant is technically inaccurate as to a description of an apartment, so long as the warrant enables one to locate the correct apartment. Thus, where a warrant was issued for a "third floor front" apartment occupied by a named person at a specific address, and the apartment was in actuality a third floor rear apartment, the search was, nevertheless, valid: Com. v. Kaplan, 234 Pa. Superior Ct. 102, 339 A. 2d 86 (1975). A "second and third floor apartment," described as a "second floor apartment" would seem to come within the purview of this rule, particularly where the third floor is not apparent to an outside viewer and has no separate outside means of ingress or egress.

If the upstairs room is *not* part of the second floor

apartment, the evidence is still admissible. If there is no way for the police to know that there is an internal subdivision, a warrant issued for one residence is valid: Com. v. Andujar, 264 Pa. Superior Ct. 326, 399 A. 2d 1074 (1979). Based on the affidavit and testimony, it seems that to all outward appearances, there was no third floor, per se, but an attic area and the police could not know of the subdivision.

If the police should have known of the subdivision (and the room was not part of defendant's residence), the evidence is inadmissible only against the owners or resident of the room: Com. v. Yucknevage, 257 Pa. Superior Ct. 19, 390 A. 2d 225 (1978). Defendant could not, therefore, complain about its use against him.

Addressing the issue of whether "Det. Sgt." and "N.C.P.D." are sufficient information for "Badge No." and "district/unit" on the affidavit, we find that Pa.R.Crim.P. 2006 sets forth the form of the affidavit and thus requires the name, badge number and unit of police affiants. In the present case, the affiant as a detective sergeant did not have a "badge number," and he listed "N.C.P.D." as his unit. It is well settled that affidavits must be read with a common sense approach: Com. v. Muscheck, 460 Pa. 590, 334 A. 2d 248 (1975). Clearly, this common sense approach should also extend to these identification requirements. Where an affiant is assigned a specific rank rather than a badge number, this information will suffice. Similarly, requiring the affiant to write out "New Castle Police Department" rather than using its easily recognizable and readily understood abbreviation for the largest municipality in Lawrence County would serve no purpose. Either way, the required information is provided.

We now address ourselves to defendant's contention that the second warrant was invalid because it was based upon the fruits of the first warrant. We have already found that there was no constitutional infirmity with respect to the first warrant, and there is no prohibition against the issuance of a second warrant for the same premises. The only requirement is that the information presented must convince the issuing authority that probable cause still exists: Com. v. Bruno, 466 Pa. 245, 352 A. 2d 40 (1976). Probable cause exists if the facts and circumstances within the officer's knowledge and of which he had trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that the suspect had committed or was committing a crime. While it requires less than evidence which would justify conviction, nevertheless, suspicion and conjecture do not constitute probable cause. It is only the probability, and not a prima facie showing of criminal activity, that is the standard of probable cause: Com. v. Blakney, 261 Pa. Superior Ct. 220, 396 A. 2d 5 (1978). Here, the officer knew that items which he had observed in the apartment matched the description given to him by the victim of another burglary in which one of the suspects was the defendant. In addition, the officer had two days previously seized goods from the same premises allegedly stolen in another burglary. This would lead a reasonable person to believe that the items sought in a second warrant were also probably stolen goods. Therefore, the standard was met.

## ORDER

Now, October 20, 1980, for the reasons set forth

in the foregoing memorandum opinion, defendant's motion to suppress is denied.