Commonwealth *v.* Spriggs, Appellant.

*Michael B. Kean,* with him *Lichtenfeld & Gallagher,* for appellant.

*Robert S. Gawthrop, III,* Assistant District Attorney, with him *R. Samuel McMichael,* Assistant District

Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellant contends that evidence seized at the time of his arrest was illegally obtained by the police officers, and should have been suppressed.

On the night in question, police officers in West Chester, while on patrol, observed three individuals, one of whom was known to them to be a juvenile, standing next to a car on which hood were some beer cans. As the police approached, the youths drove away in the car. The officers stopped the youths, and upon being asked for identification, appellant was seen to drop a switchblade knife. He was thereupon asked to empty his pockets, and a film can containing marijuana was disclosed.

Appellant challenges the charges of carrying a concealed deadly weapon and violation of The Drug, Device and Cosmetic Act. With regard to the first charge, the law is undisputed that the intent to do bodily harm may be inferred solely from the fact that the appellant carries a weapon, deadly in character upon his person. *Commonwealth v. Townsend,* 211 Pa. Superior Ct. 135, 235 A. 2d 461 (1967); *Commonwealth v. Festa,* 156 Pa. Superior Ct. 329, 40 A. 2d 112 (1944).

There can be no question that the police, in the instant case, were justified in making an arrest of the appellant immediately upon discovering the switchblade in appellant's possession. What is questioned is the justification for searching appellant without a warrant thereafter, and in removing the film can's contents as evidence in an unrelated offense, having no dangerous qualities or properties to threaten the safety of the officers.

"Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime . . . . This right to search and seize without a search warrant extends to things under the accused's immediate control, Carroll v. United States, supra, 267 U.S., at 158, 45 S. Ct. at 287, . . . The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control." *Preston v. United States,* 376 U.S. 364, 367 (1964); see also, *Chambers v. Maroney,* 399 U.S. 42 (1970); *Adams v. Williams,* 407 U.S. 143 (1972).

Appellant's contention, that the seizure of marijuana in conjunction with an arrest for a weapons offense is improper, is without merit. As we said in *Commonwealth v. Macek,* 218 Pa. Superior Ct. 124, 131, 279 A. 2d 772 (1971), "If the search happens to uncover evidence of crimes other than the one for which the accused has been arrested, this evidence may also be used against him in prosecutions for the other crimes so discovered." There is no logical limitation upon the right of police discovering a container upon the appellant that may contain a weapon or contraband to search the container's contents and seize such evidence incident to a lawful arrest. The cases in this jurisdiction and others have so held on similar situations. See, e.g., *Commonwealth v. Macek,* supra (prostitution arrest and pocketbook search disclosing illegal drugs); *Adams v. Williams,* supra (weapons arrest and both a body search and automobile search disclosing illegal

80

drugs); *People v. Vermouth,* 20 C.A. 3d 746, 98 Cal. Rptr. 65 (1971) (weapons arrest and suitcase search in auto disclosing illegal drugs).

We, therefore, affirm the judgments of sentence.