## Commonwealth v. Houtz

*David J. Brightbill,* Assistant District Attorney, for Commonwealth.

*Joseph C. Mesics,* for defendant.

GATES, P. J., July 2, 1974.—On September 26, 1972, Pennsylvania State Trooper Stabs received a message from police officer Fox, of the Myerstown Borough Police Department. Fox related to Stabs that Edwin Houtz, of Myerstown, who was in the military service, had been reported AWOL and further that Fox had received a telephone call that Houtz was sitting on a porch one-half mile outside the Borough of Myerstown. This is beyond the jurisdiction of the officer and Stabs was enlisted to apprehend Houtz.

Both officers proceeded to the location where Houtz

was supposed to have been, but found he was not there. In patrolling the area, they found Houtz walking along a township road. Stabs got out of his vehicle and asked Houtz if he was absent without leave from the military service and Houtz stated he was. At that time, Stabs frisked or patted down Houtz and felt an object in his pocket. He took it out and observed that it was a black and brown pipe with a wire mesh inside of it. It was the type of pipe used to smoke marijuana. In the right pocket of his jacket, Stabs felt a bulge and removed it and found it to be a tobacco can which, when opened, appeared to contain marijuana. Houtz now seeks to suppress both the pipe and the marijuana.

Unquestionably, Officer Stabs had authority to arrest Houtz for the offense of being absent from the military service without leave. AWOL is a criminal offense under the Uniform Code of Military Justice, 10 U. S. C. §886, 70 A. Stat. 67. Furthermore, the Uniform Code of Military Justice, 10 U. S. C. §808, 70 A. Stat. 40, grants civilian police officers the authority to summarily apprehend a deserter from the armed forces and deliver him into the custody of those forces. We believe defendant's contention that the police officer had the right to summarily arrest for desertion, but not for being AWOL is meritless. Of course, all deserters are AWOL while not all soldiers AWOL are deserters. The fine distinction is not to be made by the police officer who apprehends the missing soldier on the highway but by the appropriate courts of military justice.

Thus, having authority to apprehend Houtz without a warrant, we are of the opinion that the officer had the equal right to stop and frisk Houtz for his own protection: Terry v. Ohio, 392 U. S. 1 (1968); Commonwealth v. Hicks, 434 Pa. 153 (1969).

In patting down Houtz, Officer Stabs felt an object

which later turned out to be a pipe. However, Stabs' removal of the object from Houtz's pocket was reasonable. An object such as a pipe could feel like a weapon when the outer clothing are patted. Furthermore, the removal of the can for further examination was justifiable for in it could be a weapon such as a knife or small pistol. There does not appear to us to be any logical limitation upon the right of a police officer upon discovering a container upon the person searched to examine the contents of the container. Furthermore, if the search happens to uncover evidence of crimes other than the one for which the accused has been arrested, the evidence may also be used against him in prosecutions for other crimes thus discovered: Commonwealth v. Spriggs, 224 Pa. Superior Ct. 76 (1973); Commonwealth v. Macek, 218 Pa. Superior Ct. 124 (1971).

After consideration, we make the following

## ORDER

And now, to wit, July 2, 1974, defendant's pretrial application to suppress evidence is refused.