Commonwealth, Appellant, *v.* Barkley.

504

Submitted April 14, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles W. Johns* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

The Commonwealth appeals from the order of the lower court which granted appellee's motion to suppress evidence.

On February 17, 1974, a complainant stopped at the state police barracks to report that a black and gray Cadillac was "weaving" on the Pennsylvania Turnpike, almost causing several accidents. This information, along with the fact that the complainant was driving a yellow Buick, was relayed to the state troopers on the turnpike. Trooper Schohn, who was in the vicinity where the Cadillac was reported, pulled off the highway to await the vehicle. Trooper Schohn spotted the car and proceeded to follow it for approximately two miles, during which time the Cadillac weaved four or five times. When the Cadillac approached the Butler Valley Plaza, the officer directed its driver to pull into the gas station. After both vehicles had come to a stop, Trooper Schohn left his car and approached the Cadillac. According to the trooper's testimony, "[a]t this time the defendant was sort of like hanging out the window. He was grinning, and he flashed two V signs and said 'Peace', and started laughing and giggling." At that point, Trooper Schohn spotted the yellow Buick driven by the original complainant. He told appellee to get his license and registration card, and instructed him not to move the car. When Trooper Schohn left to speak to the complainant, appellee attempted to drive off, but was stopped by Trooper Sennett, who had arrived on the scene. Trooper Schohn then returned to interview appellee. He testified that appellee's breath smelled of alcoholic beverage, that he had slurred speech, that his eyes were glassy, and that he staggered when asked to walk. Trooper Schohn then placed appellant under arrest for driving under the influence of intoxicating liquor.[1] Subsequently, a breathalyzer test was administered.

The lower court held that appellee was arrested when he was pulled off the road by Trooper Schohn. The court concluded that no probable cause existed for the arrest,

1. Act of April 29, 1959, P.L. 58, §1037, 75 P.S. §1037.

and, therefore, suppressed the breathalyzer test and all other evidence obtained after the arrest. It is obvious that the ruling will result in termination of the prosecution; thus, there is sufficient finality to render the order appealable. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963); *Commonwealth v. Guardiani*, 226 Pa. Superior Ct. 435, 310 A.2d 422 (1973).

Although the Commonwealth argues that appellee was not placed under arrest until Trooper Schohn had completed his investigation, it is not necessary to decide this issue. The lower court's theory that no probable cause existed at the time of the initial stop to arrest appellee for driving under the influence overlooks the fact that Trooper Schohn made the initial stop "[f]or weaving on the roadway that I personally observed." If we assume that appellee was under arrest when he was directed to remain in his car, he was not under arrest for a violation of §1037 of The Vehicle Code. Rather, he was under arrest for the summary offense of reckless driving. 75 P.S. §1001.[2] Trooper Schohn's personal observation of the weaving movements of appellee's automobile clearly provided him with probable cause to believe that the driver was in violation of the code. Therefore, the arrest was lawful. See *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973); *Betrand Appeal*, 451 Pa. 381, 303 A.2d 486 (1973); *Commonwealth v. Greco*, 227 Pa. Superior Ct. 19, 323 A.2d 132 (1974).[3]

---

2. "Reckless driving is unlawful, and for the purpose of this act, is construed to include the following: (1) Any person who drives any vehicle ... upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property ..." Act of April 29, 1959, P.L. 58, §1001, 75 P.S. §1001.

3. Under §1204(a) of The Vehicle Code, April 29, 1959, P.L. 58, an officer can arrest "upon view, any person violating any of the provisions of this act, where the offense is designated a felony or a misdemeanor ..." While reckless driving is a summary offense,

Because appellee was lawfully under arrest, Trooper Schohn had the right to conduct an interview and investigation. When he approached appellee to see his license and registration, he observed that appellee exhibited characteristics which indicated that appellee was under the influence of intoxicating liquor. These personal observations, coupled with the fact that Trooper Schohn had seen appellee driving the vehicle, provided probable cause to believe that appellee was in violation of §1037 of The Vehicle Code, and rendered the subsequent warrantless arrest lawful under 75 P.S. §1204(a), supra. The factual pattern presented in this case is similar to the situation where the police have probable cause to arrest the accused for a certain offense, and in conducting a search uncover evidence of a completely separate offense. We have held that the evidence can be used in prosecutions for the other crimes discovered. See *Commonwealth v. Spriggs,* 224 Pa. Superior Ct. 76, 302 A.2d 442 (1973); *Commonwealth v. Macek,* 218 Pa. Superior Ct. 124, 279 A.2d 772 (1971).

Thus, both the initial arrest for reckless driving, and the subsequent arrest for driving under the influence, were lawful warrantless arrests. The evidence obtained as a result of the arrests was erroneously suppressed.

Order of the lower court is reversed and the case remanded for trial.

JACOBS, J., concurs in the result.

---

and thus not within §1204(a), Rule 159, Pa. R.Crim.P., suspended §1204(a) "insofar as [it is] inconsistent with Rules 51 and 101." Rule 51, effective January 1, 1974, provides that "Criminal proceedings in summary cases shall be instituted by ... (4) An arrest without a warrant when the offense is a summary offense under the Vehicle Code committed in the presence of the police officer making the arrest ..." Thus, the warrantless arrest for reckless driving was lawful because made within view of Trooper Schohn.