380 A.2d 448

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald Louis MARINI.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1976.

Decided Dec. 2, 1977.

John J. Driscoll, Assistant District Attorney, with him Albert M. Nichols, District Attorney, Greensburg, for Commonwealth appellant.

Irving M. Green, New Kensington, submitted a brief for appellee.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

█ This is an appeal by the Commonwealth from a suppression order entered by the court below.[1] We find that the lower court erred in granting the motion to suppress, and therefore, we reverse.

On January 17, 1976, State Trooper Michael D. Deise obtained two warrants authorizing a search of appellee's apartment and car. The search, conducted that same day, uncovered numerous schedules and materials that led to the filing of pool selling and bookmaking charges against appellee. Following a hearing, the lower court granted appellee's motion to suppress.

█ In reviewing a suppression court's ruling, we are bound by factual findings supported by the record. *Commonwealth v. Wiggins*, 472 Pa. 95, 371 A.2d 207 (1977); *Commonwealth v. Bundy*, 458 Pa. 240, 328 A.2d 517 (1974).

Pa.R.Crim.P. 323(d) mandates that:

"The application [for suppression] shall state specifically the evidence sought to be suppressed, the specific constitutional grounds rendering the evidence inadmissible, and shall state with particularity the facts and events in support thereof."

In his application for suppression, appellee merely provided a factual description of the warrants' issuance and execution, combined with the following:

"3. The affidavit upon which the search warrant was issued, did not meet the requirements of proof of probable cause for the issuance of said warrant, hence the subsequent search was illegal and in violation of the constitutional rights of the defendant."

There are many conceivable attacks on probable cause as set forth in an affidavit for a search warrant, i. e., unrelia-

1. This appeal by the Commonwealth from a pretrial order is proper since the issue presented is one of law and there is no question that the Commonwealth is substantially handicapped by the order. *Commonwealth v. Bosurgi*, 411 Pa. 56, 198 A.2d 304 (1963); *Commonwealth v. DeFelice*, 248 Pa.Super. 516, 375 A.2d 360 (1977); *Commonwealth v. Barkley*, 234 Pa.Super. 503, 341 A.2d 192 (1975).

bility of the informant, *Commonwealth v. Samuels*, 235 Pa.Super. 192, 340 A.2d 880 (1975), misstatement of material facts, *Commonwealth v. Wiggins*, 239 Pa.Super. 256, 361 A.2d 750 (1976), or insufficient facts, *Commonwealth v. Conner*, 452 Pa. 333, 305 A.2d 341 (1973). Appellee's application was grossly deficient. He failed to raise "specifically the evidence sought to be suppressed" or "the specific constitutional grounds rendering the evidence inadmissible." From the application, therefore, it was impossible for the Commonwealth to discern what substantive objection appellee had to the affidavit. It is unfortunate that the court below entertained appellee's insufficient application. Since the lower court granted the motion, however, we will address the substantive issues arising from that action.

Pa.R.Crim.P. 323(h) places upon the Commonwealth the burden of "going forward with the evidence and of establishing the admissibility of the challenged evidence." The appellate courts have consistently adhered to that mandate. *See Commonwealth v. Fisher*, 466 Pa. 216, 352 A.2d 26 (1976); *Commonwealth v. Ravenell*, 448 Pa. 162, 292 A.2d 365 (1972); *Commonwealth v. Mazzella*, 231 Pa.Super. 247, 331 A.2d 784 (1974). Aware of that burden, the Commonwealth protested at the opening of the suppression hearing in the instant case that it was not on notice of appellee's objections to the affidavit. The Commonwealth chose simply to offer the two affidavits and warrants on the record so that the hearing judge could make a determination on the probable cause issue. Trooper Deise was called by the Commonwealth to authenticate the writings. On cross examination, defense counsel elicited testimony that Deise, before taking the warrant forms to the justice of the peace, had completed them, except for the sections reserved for the magistrate's signature and seal and the dates and times of execution. Defense counsel questioned Deise:

"Q. In other words, everything that appears on that document with the exception of the very bottom portion below your signature that says sworn to and subscribed before me this 17th day of January 1976, containing the

signature of Ernest M. Johnson was prepared by you at the barracks?"

"A. Yes, sir."

From this testimony, the court below infers in its opinion that:

> "Trooper Deise testified that his signature had been placed on the Affidavit prior to submitting the Affidavit to District Magistrate Johnson."

In fact, Deise was never specifically asked whether he signed the affidavit in the presence of the justice of the peace. It is particularly noteworthy, however, that, when asked on direct examination what date the affidavits and warrants were issued Deise responded: "They were signed before Magistrate Johnson by me on the 17th day of January, 1976." Both affidavits and warrants bear the statement "sworn to and subscribed before me . . ." signed by the justice of the peace. The justice thereby verified that Deise swore to the truth of the contents of the affidavits and warrants and then signed them in his presence. A magistrate's verification carries a strong presumption of validity. This presumption though subject to challenge, is not easily overcome. The indirect questioning employed by defense counsel, which elicited no admission by the officer that, contrary to the affirmation, he did not sign the affidavits before the issuing officer, was insufficient to negate the magistrate's verification.

Later in its opinion, the suppression court states:

> "In the present case, there is no testimony that the District Magistrate did anything but place his signature and seal upon the Affidavit.

> Commonwealth's counsel did not ask the trooper whether or not, in fact, the District Magistrate read the Affidavit and the attached warrant.

> Commonwealth's counsel did not ask whether or not the District Magistrate was aware of the contents of the Affidavit or the search warrant.

> It is this Court's opinion that the evidence of the Commonwealth must at least establish that the police official

executed his signature and be sowrn [sic] before the issuing authority in order that the Affidavit be valid.

In the present case the trooper clearly testified that the entire form had been prepared and that his signature had been attached to the Affidavit and search warrant prior to the issuing authority issuing his signature and seal to the trooper's signature."

█ The judge ruled that the magistrate had acted as a rubber stamp in issuing the warrants, and therefore, that the probable cause requirement was not satisfied. We refuse to hold that the mere fact that the officer supplied the required information in the warrant form, before submitting it to a justice of the peace, requires a finding of no probable cause and no independent investigation by the justice. Additionally, we find the conclusion that Deise signed the affidavits prior to their submission to the magistrate to be conjecture.

█ While Pa.R.Crim.P. 323(h) places the burden upon the Commonwealth of going forth to establish the admissibility of challenged evidence, the rule also requires that a defendant's challenge be specific. Appellee made a general attack by way of application. The probable cause challenge was narrowed at the suppression hearing to an attack on the procedure underlying the warrants' issuance. The procedural attack was further refined by inferences that the suppression judge drew from the evidence, more particularly the lack of evidence, produced. Defense counsel was decidedly surreptitious in his questioning and in his failure to frame the issue. Certainly the Commonwealth was somewhat remiss in failing to ask questions on redirect examination, such as: "Did the magistrate read the affidavits?"; "Did the magistrate ask any questions concerning the content of the affidavits?"; "Did you take an oath before the magistrate affirming the truthfulness of the affidavits' contents?" However, in this case, the Commonwealth's failure to ask these questions is not fatal to the prosecution since we find the evidence adduced wholly insufficient to negate the prima facie validity of the affidavits.

■ This case presents a curious stand-off—the Commonwealth unwilling to defend the regularity of the search warrants and affidavits, albeit without the benefit of a concrete issue having been raised by appellee; appellee, loathe to reveal the reason for the suppression request, in fear, perhaps, that the Commonwealth might have been able to meet the merits. Finally, the judge in his opinion inferred the issue, suggested interrogatories that might have elicited more helpful testimony and penalized the Commonwealth for not properly anticipating the issue, as ultimately refined in that opinion. We find the proceeding in the lower court to be so devoid of clarity and dispositive evidence that granting the suppression motion based on that hearing was a clear abuse of discretion.

The order of the lower court is reversed, and the case is remanded for trial.

HOFFMAN, CERCONE, and SPAETH, JJ., concur in the result.

WATKINS, President Judge, did not participate in the consideration or decision of this case.