396 A.2d 5

**COMMONWEALTH of Pennsylvania**

v.

**Albert BLAKNEY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1978.

Decided Dec. 14, 1978.

222

Carol E. Haltrecht, Assistant Public Defender, West Chester, for appellant.

Donald A. Mancini, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

The conviction of the defendant for the crime of possession of a controlled substance was based on evidence obtained incident to an arrest on an arrest warrant issued for an unrelated charge which lacked probable cause. Hence, it must be reversed.

It was tried before the court without a jury. There is no substantial dispute as to the facts. The defendant had borrowed a shot gun from John Ray which he failed to return. Defendant told Ray that his apartment had been burglarized and the gun taken. When Ray sought to gain admission to the defendant's home on several occasions, he was unable to do so. Some four days after the borrowing, Ray, though unable to give its make and number, identified a gun at a police station as his, except that the gun was now

sawed off. The sawed-off gun had been seized during the search of the home of a third party, Valentine Bergos Buiz, with which the defendant was in no way implicated.

West Chester detective, Fred Martin, procured an arrest warrant charging the defendant with theft by deception of John Ray's shot gun. The arrest was actually made by another officer, Ferriola, who had knowledge of the arrest warrant and had been asked by Officer Martin to make the arrest. The defendant had a Kool cigarette package in his hand, which he gave to a companion so that he could comply with the officer's order to place his hands against a nearby wall to be searched. Upon the officer's request, the companion turned over the package to him. When he looked inside, his suspicion was aroused by the sight of hand-rolled cigarettes. These were later tested for the presence of marijuana. Defendant was charged with having in his possession a controlled substance, to wit, 0.9 grams of marijuana.[1] His motion to suppress was refused. At the trial the defendant stipulated that the evidence at the suppression hearing could be used. He was found guilty.

Had the arrest been lawful, the subsequent search of the defendant and the area within his immediate control would have been lawful as incident to a lawful arrest. *Commonwealth v. Ayers,* 239 Pa.Super. 263, 361 A.2d 405 (1976). *Commonwealth v. Spriggs,* 224 Pa.Super. 76, 302 A.2d 442 (1973). The fact that the arrest was made by a police officer who had knowledge of the arrest warrant, but did not have physical possession of it at the time of arrest would not affect its validity. *Commonwealth v. Gladfelter,* 226 Pa.Super. 538, 324 A.2d 518 (1974). However, the fatal flaw here is the lack of probable cause for the issuance of the arrest warrant. See *Commonwealth v. Kenney,* 449 Pa. 562, 297 A.2d 794 (1972).

The charge on which the arrest warrant was issued was theft by deception.[2] The evidence available to Officer Mar-

1. Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 et seq.

2. 18 Pa.C.S.A., § 3922 in relevant part provides:

tin at the time he obtained the arrest warrant simply indicated that the defendant had borrowed the gun from Ray which he had not returned, and which the defendant told him had been stolen from his apartment. The gun was, in fact, found in the home of a third party unconnected in any manner with the defendant. The record, therefore, as to defendant's intention shows simply a failure to return along with an explanation. That is not enough. *Commonwealth v. Gallo,* 473 Pa. 186, 373 A.2d 1109 (1977).

■ The Fourth Amendment requires a showing of probable cause to justify the issuance of a warrant for either arrest or seizure. *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). It exists if the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief that the suspect had committed or is committing a crime. While it requires less than evidence which would justify conviction, nevertheless suspicion and conjecture do not constitute probable cause. It is only the probability, and not a prima facie showing of criminal activity, that is the standard of probable cause. *Commonwealth v. Murray,* 437 Pa. 326, 263 A.2d 886 (1970).

The evidence here, at most, gives rise to a suspicion and nothing more; one can conjure up all sorts of possibilities. The mere fact that a gun was found sawed off and in the possession of a third party a short time after the borrowing, unconnected in any way with the defendant, is not enough.

Judgment of sentence reversed.

Theft by deception—
(a) Offense defined—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:—(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.