443 A.2d 795

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Peter IACAVAZZI, Northeastern Land Development Company, Inc., Peter Iacavazzi, President, and Lackawanna Refuse Removal, Inc., Peter Iacavazzi, President.**

Superior Court of Pennsylvania.

Argued May 13, 1981.

Filed Dec. 29, 1981.

Reargument Denied April 16, 1982.

Ernest D. Preate, Jr., District Attorney, Harrisburg, for Commonwealth, appellant.

Paul Mazzoni, Scranton, for appellees.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

The Commonwealth contends that the lower court erred in suppressing evidence. Because we agree with the lower court that the Commonwealth failed to meet its burden of going forward with evidence to meet appellees' objections to the search warrant and its execution, we affirm.

After indicting appellees for violations of the Clean Streams Act,[1] the Commonwealth obtained a warrant to search appellees' property on the basis of affidavits and grand jury transcripts. In executing the search, the Commonwealth unearthed several barrels of industrial wastes.

---

1. Appellees were charged with: unlawfully discharging inadequately treated industrial waste into the underground workings of abandoned mines in violation of the Clean Streams Law, Act of June 22, 1937, P.L. 1987 as amended, 35 P.S. §§ 691.307, 691.602(b); unlawfully disposing of industrial, liquid and hazardous waste in violation of the Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P.L. 788, No. 241, 35 P.S. §§ 6009(4), 6014; discharging industrial pollutants into a stream without a permit from the Department of Environmental Resources, in violation of the Clean Streams Law, supra; unlawfully establishing and maintaining a public nuisance in violation of 18 Pa.C.S.A. § 6504; and criminal conspiracy to commit the above acts in violation of 18 Pa.C.S.A. § 903.

Appellees filed an omnibus pre-trial motion seeking, *inter alia,* to suppress the evidence obtained as a result of the search. Appellees' motion alleged that probable cause was lacking because: (1) none of the documents showed probable cause on their face; (2) the premises were not secured; and (3) the warrant did not specify when the evidence had been placed on the premises. Appellees alleged also that they were denied their right to be present during the search and that unauthorized persons performed the search. In a supplemental motion, filed with leave of court, appellees alleged that the time allowed by the warrant for conducting the search exceeded the two-day limitation specified in Pa.R. Crim.P. 2005(d), and that the search exceeded even the limitation in the warrant. The lower court subsequently commenced three days of hearings on the omnibus motions. During these hearings the lower court reminded the Commonwealth that "there are certain burdens that you have anytime a motion for suppression is filed." (N.T. January 22, 1981 at 148). Despite the admonition the Commonwealth introduced no evidence whatsoever—not the warrant, nor the affidavits and transcripts, nor any testimony—concerning appellees' suppression motions. The lower court thus granted appellees' suppression motion because the Commonwealth had failed to meet its burden of going forward with evidence to meet appellees' objections to the warrant and its execution. The Commonwealth then took this appeal.[2]

**2.** Simultaneously with its notice of appeal, the Commonwealth filed a petition for reconsideration, which petition the lower court denied, thus terminating its power over the case and bringing the matter before this Court. *See* Pa.R.A.P. 1701(b).

It is well-settled that the Commonwealth may appeal from a pre-trial order suppressing evidence if the appeal involves a pure question of law, if the order substantially handicaps or effectively terminates the prosecution, and if the Commonwealth articulates in its brief and includes a brief explanation not inconsistent with the record why that is so. *See Commonwealth v. Barnett,* 471 Pa. 34, 369 A.2d 1180 (1977); *Commonwealth v. Kunkel,* 254 Pa. Superior Ct. 5, 385 A.2d 496 (1978). The Commonwealth's brief here describes the evidence obtained as a result of the search warrant, its relationship to the case, and the fact that it "is the only direct evidence the Commonwealth has." Commonwealth Brief at 11. Our

204

 The Commonwealth contends first that it should be granted a second opportunity to present evidence justifying the warrant and its execution. The Commonwealth argues that the three-day pre-trial hearing was not, in fact, an evidentiary hearing on appellees' suppression motion. We cannot review the lower court's finding of fact on this matter in this Commonwealth appeal.

> It is only where the question involved is purely one of law that the Commonwealth may appeal from an adverse ruling in a criminal case.... Where ... the reason for the action of the trial court, whereof the Commonwealth complains, is based upon an admixture of law and fact, the Commonwealth is without any right to appeal therefrom....

*Commonwealth v. Melton,* 402 Pa. 628, 629, 168 A.2d 328, 329 (1961). *See also Commonwealth v. Ray,* 448 Pa. 307, 312, 292 A.2d 410, 413 (1977); *Commonwealth v. Kunkel,* 254 Pa. Superior Ct. 5, 385 A.2d 496 (1979); *Commonwealth v. DeFelice,* 248 Pa. Superior Ct. 516, 522, 375 A.2d 360, 363 (1977). By its suppression order the lower court impliedly found that the hearing on appellees' omnibus motions was indeed an evidentiary hearing. We are bound by that finding of fact on this appeal.

 The Commonwealth contends next that its failure to meet its burden of going forward with evidence at the hearing did not afford a basis for the suppression order. We disagree. It is well-settled that when a defendant files a motion to suppress evidence the Commonwealth bears a burden of going forward to establish that the allegedly suppressible evidence was not obtained in violation of defendant's rights. *Commonwealth v. Ryan,* 268 Pa. Superior Ct. 259, 262–64, 407 A.2d 1345, 1347 (1980), *remanded,* 489 Pa. 221, 414 A.2d 37 (1980), *on remand,* 277 Pa. Superior Ct. 262, 419 A.2d 762 (1980); *Commonwealth v. Marini,* 251 Pa. Superior Ct. 201, 207, 380 A.2d 448, 450 (1977); *Commonwealth v. Dixon,* 226 Pa. Superior Ct. 569, 572, 323 A.2d 55, 57 (1974). Merely introducing the warrant and affidavits

review confirms these averments are consistent with the record. Accordingly, we have jurisdiction of the Commonwealth's appeal.

may be sufficient to meet a "bald statement" that the Commonwealth failed to show probable cause. *Commonwealth v. Ryan*, 268 Pa. Superior Ct. at 264–66, 407 A.2d at 1348. When the defendant specifically complains of defects in the warrant or its execution, he thereby alerts the Commonwealth of a particularized burden of proof on those objections. To satisfy that burden the Commonwealth must introduce witnesses subject to the defendant's cross-examination. *Commonwealth v. Ryan, supra.* Appellees made both general and specific objections to the warrant and its execution.[3] The Commonwealth did not even introduce the warrant or affidavits or present any witnesses and thus utterly failed to meet even the lesser burden of rebutting appellees' general objections.[4] *A fortiori* it also failed to meet its burden concerning appellees' specific objections. Accordingly the lower court did not err in suppressing the evidence.

The Commonwealth contends finally that prior appellate decisions entitle it to yet another hearing. We disagree. Each of the prior decisions affording the Commonwealth an opportunity to cure omissions of proof at a suppression hearing involved *controlling factors not present here.* In *Commonwealth v. Ferguson*, 231 Pa. Superior Ct. 327, 331 A.2d 856 (1974) this Court remanded to allow the Commonwealth to cure the purely formal defect of failing to intro-

---

**3.** Because the Commonwealth failed to meet its burden of coming forward with evidence to refute appellees' general objections, we affirm. We note additionally that appellees' suppression motion was sufficiently specific to raise certain factual issues which the Commonwealth failed to rebut. *See* Pa.R.Crim.P. 306(b); *Commonwealth v. Hall*, 451 Pa. 201, 206, 302 A.2d 342, 345 (1973). Similarly, appellees did not waive any issues raised in their omnibus motions by failing to address them in their pre-hearing brief. A defendant need only state his specific objections with supporting facts in an omnibus pre-trial motion to alert the Commonwealth of its particularized burden of proof. Pa.R.Crim.P. 306(b). *See Commonwealth v. Ryan, supra.*

**4.** By way of contrast, the Commonwealth did introduce testimony concerning a co-defendant's suppression motion. We are not presented any issues concerning that co-defendant's suppression motion.

duce the warrant into evidence. The Commonwealth there had introduced affidavits and testimony and had informally provided the court and the defendant with a copy of the warrant. Though the Commonwealth here apparently had provided the court and appellees with the warrant and affidavits, it introduced no evidence whatsoever despite ample opportunity to do so and despite having been warned of its burden of going forward with evidence. In *Commonwealth v. Ryan, supra,* this Court reversed an order denying defendant's suppression motion because the Commonwealth had failed to meet the defendant's specific objections by introducing testimony in addition to the warrants and affidavits. After remand this Court clarified its order to allow the Commonwealth to introduce evidence at a second suppression hearing before retrial. Unlike in *Ryan,* the Commonwealth here met no part of its burden. In *Commonwealth v. Marini, supra,* this Court held that the suppression court abused its discretion by suppressing evidence on the ground that the Commonwealth had failed to introduce sufficient testimony to rebut defendant's vague, general objections. The Commonwealth in *Marini* had introduced the warrant, affidavits, and testimony to authenticate them. Unlike in *Marini,* appellees here made both general and specific objections, and the Commonwealth made no effort to meet even appellees' general objections. Finally, in *Commonwealth v. Branch,* 292 Pa. Superior Ct. 425, 437 A.2d 748 (1981) this Court held a lower court acted within its discretion in vacating a suppression order and reopening a suppression hearing to hear additional testimony from an affiant-witness on critical allegations in the warrant. Unlike in *Branch,* the Commonwealth here never placed the warrant or affidavit or any testimony into evidence. We find no abuse of discretion in the lower court's decision to uphold the finality of its order. *See* Pa.R.Crim.P. 323(j) (order denying motion to suppress is final, except upon a showing of evidence that was theretofore "unavailable").

Order affirmed.

VAN der VOORT, J., concurred in the result.