J-A01027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QUADIR STEADLY | : | |
| | : | |
| Appellant | : | No. 62 EDA 2023 |

Appeal from the Order Entered November 28, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  MC-51-CR-0016266-2021

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:            **FILED FEBRUARY 16, 2024**

Quadir Steadly appeals from the order denying his petition for writ of certiorari filed with the Philadelphia Court of Common Pleas after he was convicted of resisting arrest in the Philadelphia Municipal Court.[1] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] A defendant convicted in Philadelphia's Municipal Court has two appellate options for relief. The defendant has the right to request either a trial *de novo* or to file a petition for a writ of certiorari with the Philadelphia Court of Common Pleas. ***See Commonwealth v. Beaufort***, 112 A.3d 1267, 1269 (Pa. Super. 2015). "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of certiorari asks the Common Pleas Court to review the record made in the Municipal Court." ***See id***. Essentially, this Court has held that when a defendant files a petition for a writ of certiorari, the Philadelphia Court of Common Pleas sits as an appellate court. ***See Commonwealth v. Coleman***, 19 A.3d 1111, 1119 (Pa. Super. 2011) (citations omitted).

In the early evening of August 20, 2021, Steadly was driving his mother's vehicle on 57th Street in Philadelphia. Believing the car had illegally tinted windows, Philadelphia Police Officer Corey Moore pulled Steadly over. During the stop, Steadly verbally gave the officer his personal information, and the officer returned to the police vehicle to process it. Information on the cruiser's laptop indicated Steadly had two outstanding bench warrants. Subsequently, the officer used his police radio to confirm the existence of active warrants with a dispatcher.

When Officer Moore returned to Steadly's car, Steadly refused the officer's directives to turn off the vehicle and to exit the car. Officer Moore and his patrol partner removed Steadly, and the matter escalated. Steadly was not subdued and arrested until multiple backup officers arrived.

Steadly was charged with resisting arrest and recklessly endangering another person ("REAP").[2] On April 1, 2022, the Honorable Christian DiCicco of the Philadelphia Municipal Court conducted a nonjury trial, after which he found Steadly guilty of resisting arrest and not guilty of REAP. Steadly received a sentence of six months of probation.

Steadly filed a petition for writ of certiorari in the Philadelphia County Court of Common Pleas challenging the sufficiency of the evidence to support

---

[2] 18 Pa.C.S.A. §§ 5104 and 2705, respectively.

his conviction.[3] The Honorable John R. Padova, Jr. denied the petition on November 28, 2022, thereby affirming the Municipal Court's judgment of sentence. This timely appeal followed.

Steadly's single issue on appeal challenges the sufficiency of the evidence to support his conviction of resisting arrest. *See* Appellant's Brief, at 8-16. He initially contends the Commonwealth failed to establish he was subject to a lawful arrest. *See id*. at 12-20. Steadly further alleges the disobedient nature of his conduct does not support a conviction for resisting arrest. *See id*. at 20-25.

The right to file a petition for a writ of *certiorari* is found in Pa.R.Crim.P. 1006:

> Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court.

*Commonwealth v. Joyner*, 284 A.3d 890 (Pa. Super. 2022), *quoting Commonwealth v. Coleman*, 19 A.3d 1111, 1118-1119 (Pa. Super. 2011). "[A] defendant is legally required to raise all claims in a writ of *certiorari* pertaining to the proceedings in the Municipal Court, or they will be considered

---

[3] As stated above, Steadly's petition for writ of certiorari requested the Philadelphia Court of Common Pleas to review the record of the Municipal Court. *See, e.g., Commonwealth v. Menezes*, 871 A.2d 204, 206 n.2 (Pa. Super. 2005).

waived on appeal." ***Commonwealth v. Williams***, 125 A.3d 425, 431 (Pa. Super. 2015) (citation omitted). Further, when an appellant challenges a trial court's denial of a petition for writ of *certiorari*, "[w]e will not disturb the lower court's [decision] unless we find an abuse of discretion." ***Commonwealth v. Noss***, 162 A.3d 503, 507 (Pa. Super. 2017). When a writ of *certiorari* is denied, a defendant may raise evidentiary and sufficiency issues on appeal. ***See Coleman***, 13 A.3d at 1119.

We review challenges to the sufficiency of the evidence with great deference to the credibility determinations of the fact finder:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Gause***, 164 A.3d 532, 540-41 (Pa. Super. 2017) (*en banc*) (citation omitted).

Section 5104 of our Crime Code sets forth the offence of resisting arrest, as follows:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

Steadly first argues the Commonwealth failed to prove he was subject to a lawful arrest. *See* Appellant' Brief, at 12-20. Basically, Steadly asserts the Commonwealth did not establish the existence of a warrant because the actual warrants were never produced at trial. *See id*. at 19. He further contends that "[t]he fact that an unknown person on the police radio said that Mr. Steadly had outstanding warrants does not prove beyond a reasonable doubt that a valid warrant existed at the time of his arrest." *Id*. at 13.

Our Supreme Court has long emphasized that to be convicted of resisting arrest, the underlying arrest must be lawful. *See Commonwealth v. Jackson*, 924 A.2d 618, 620 (Pa. 2007). The lawfulness of an arrest requires the existence of probable cause to arrest the defendant. *See id*. Whether probable cause existed to arrest a defendant "is a legal determination, for which our scope of review is plenary and our standard of review is *de novo*." *Id*. (citations omitted).

"Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably

trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." ***Commonwealth v. Weaver***, 76 A.3d 562, 565 (Pa. Super. 2013) (citations omitted).

> "Further, **an arresting officer in executing a valid arrest may rely on radio broadcasts emanating from police authorities** in one of the following instances: 1) when he is ordered or directed to perform the arrest by an officer in possession of facts justifying the arrest, 2) **when he receives information over the radio justifying the arrest**, or 3) when a combination of facts heard over the radio and acquired otherwise provides requisite probable cause."

***Commonwealth v. Bailey***, 947 A.2d 808, 811 (Pa. Super. 2008) (emphases added) (citation omitted).

Regarding bench warrants, our Supreme Court has explained that "a bench warrant issues only when an individual does not appear when required, and thus acts to elude or evade law enforcement or prosecution." ***Commonwealth v. Smith***, 234 A.3d 576, 585 (Pa. 2020); ***see also Commonwealth v. Blakney***, 396 A.2d 5, 7 (Pa. Super. 1978) ("The fact that [an] arrest was made by police officer who had knowledge of [an] arrest warrant, but did not have physical possession of it at time of arrest would not affect its validity.").

The certiorari court offered the following analysis of Steadly's claim:

> Here, Officer Moore's basis to arrest Steadly came from the information he received via Police radio. He testified that he first entered the information given to him by Steadly into the MDT database[,] which reported the arrest warrants. Officer Moore next cross-checked the information using Steadly's name and date

of birth via police radio and confirmed the arrest warrants. …
Given the totality of these circumstances, Officer Moore's reliance
on the MDT search and radio dispatch provided him with probable
cause to effectuate a lawful arrest of Steadly.

Trial Court Opinion, 4/13/23, at 5-6 (citations omitted). We agree.

Our review of the record confirms Officer Moore stopped Steadly's vehicle for a violation of the Motor Vehicle Code's prohibition on heavily tinted front windows. *See* N.T., 4/1/22, at 10. During the stop, Officer Moore requested Steadly produce his driver's license, vehicle registration, and proof of insurance. *See id*. at 11. Steadly could not provide the documentation, but verbally gave his personal information to Officer Moore. *See id*. Upon entering Steadly's information into his police cruiser laptop, Officer Moore discovered Steadly had two active bench warrants. *See id*. at 12. Officer Moore then provided Steadly's information over the police radio for further verification. *See id*. at 14. The dispatcher on the police radio confirmed Steadly had active bench warrants. *See id*. At that point, under the totality of the facts within Officer Moore's knowledge, he possessed probable cause to make an arrest. *See Bailey*, 947 A.2d at 811. Consequently, Steadly's claim lacks merit.

Next, Steadly argues his "trivial acts of disobedience" do not support his resisting arrest conviction. *See* Appellant's Brief, at 20-25. He contends his noncompliant behavior towards Officer Moore was not sufficient to prove he created a substantial risk of bodily injury or created means justifying or requiring substantial force to overcome the resistance.

The resisting arrest statute "criminalizes two types of conduct intended to prevent a lawful arrest: the creation of [(1)] a substantial risk of bodily injury to the officer or anyone else or [(2)] means justifying or requiring a substantial force to overcome." **Commonwealth v. Soto**, 202 A.3d 80, 95 (Pa. Super. 2018) (citations omitted). We have long stated Section 5104 "does not require serious bodily injury. Nor does it require actual injury to the arresting officer. Rather, sufficient resistance is established if the arrestee's actions created a substantial risk of bodily injury to the arresting officer." **Commonwealth v. Lyons**, 555 A.2d 920, 925 (Pa. Super. 1989) (citation omitted). Moreover, the statute "does not require the aggressive use of force such as a striking or kicking of the officer." **Commonwealth v. Miller**, 475 A.2d 145, 146 (Pa. Super. 1984). Rather, as we have explained, even passive resistance that requires police to use substantial force to effectuate the arrest is sufficient to sustain a conviction for resisting arrest. **See Commonwealth v. Thompson**, 922 A.2d 926, 928 (Pa. Super. 2007).

In addressing this claim, the certiorari court noted, "Officer Moore testified that Steadly elbowed him in the face and knocked off his body camera during the struggle." Trial Court Opinion, 4/13/23, at 6. The court further reasoned that, "[w]hile Officer Moore testified that he was not injured when he was struck, certainly a substantial risk of injury occurred by Steadly's struggling and physical confrontation with Officer Moore." **Id**. at 6-7. The court opined "that it was only by his good fortune" that the officer was not injured

by the blow to his face. *Id*. Importantly, the court reiterated, "Officer Moore further testified that several police officers were needed to subdue Steadly, thereby necessitating substantial force to arrest him." *Id*. at 7.

Our review of the record reflects ample support for the certiorari court's determination. Officer Moore explained that, upon learning of the active warrants, he returned to Steadly's vehicle and Steadly refused all direct orders from the officer. *See* N.T., 4/1/22, at 15. The officer explained he required the assistance of his partner to get Steadly out of the car. *See id*. During the incident, Officer Moore was struck in the "nose/mouth area" of his face by Steadly's elbow. *Id*. at 15-16. During the struggle between the two, Officer Moore's body camera was knocked off. *See id*. at 15. The officer further testified that when Steadly was subsequently on the ground he was lying on his hands and arms, which prevented him from being handcuffed. *See id*. at 17-18. Describing the situation, Officer Moore stated, "I was … trying to get his hands from underneath his body while he was squirming, moving his legs, arms and body." *Id*. at 17. Multiple officers who had responded to the scene were needed to successfully detain Steadly. *See id*. at 18. Officer Moore testified that "it took several other officers that responded to that location to bring [Steadly] under control and have him cuffed." *Id.* at 16.

This evidence establishes Steadly elbowed Officer Moore in the face and knocked off the officer's body camera, which we conclude satisfies that Steadly created a substantial risk of bodily injury to the officer. Moreover, even if we

were to agree with Steadly's claim that his behavior did not create a substantial risk of bodily injury, we find substantial force was required by the arresting officers to overcome Steadly's resistance and effectuate the arrest.[4] Here, Steadly's use of passive resistance in refusing to be handcuffed necessitated the assistance of multiple police officers to overcome, which provided sufficient evidence to support the resisting arrest conviction. Accordingly, the Commonwealth satisfied the statutory requirements to convict Steadly of resisting arrest.

In summary, viewing the totality of this evidence in the light most favorable to the Commonwealth, we are satisfied the Court of Common Pleas was justified in determining the Commonwealth presented sufficient evidence to establish all the elements of the crime of resisting arrest beyond a reasonable doubt. Accordingly, we discern no error or abuse of discretion and affirm the April 13, 2023, denial of Steadly's petition for writ of certiorari.

Order affirmed.

---

[4] To be perfectly clear, as stated previously, we do find that the record proves the statutory requirement that Steadly's conduct created a substantial risk of bodily injury.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/16/2024</u>